**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



LUIS MANUEL HERNANDEZ-
CASTANEDA,

    Petitioner,

  v.

LORETTA E. LYNCH, Attorney General,

    Respondent.

No.    13-74044

Agency No. A047-821-387

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2016[**]
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

Petitioner Luis Manuel Hernandez-Castaneda, a native and citizen of El

Salvador, seeks review of the Board of Immigration Appeals' ("Board") decision

dismissing his appeal of an immigration judge's ("IJ") order denying his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, *Bromfield v. Mukasey*, 543 F.3d 1071, 1075 (9th Cir. 2008), and deny the petition.

As a threshold matter, Hernandez-Castaneda contests whether he is removable based on a July 2006 conviction for methamphetamine possession. But Hernandez-Castaneda conceded the drug conviction during the pleading stage of his removal proceedings. The Board was therefore entitled to rely on this concession as conclusive evidence that he is removable. *Perez-Mejia v. Holder*, 663 F.3d 403, 416 (9th Cir. 2011). Because there is no evidence that a state court has expunged Hernandez-Castaneda's conviction, he is not eligible for relief under *Lujan-Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000), *overruled prospectively by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc).

We next turn to the Board's denial of Hernandez-Castaneda's application for asylum. To be eligible for asylum, Hernandez-Castaneda must show a "well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). We review the Board's findings of fact for substantial evidence. *Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011). To reverse the Board's decision, we must find that "the evidence in the record compels a reasonable factfinder to conclude that the [Board's] decision is incorrect."

*Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 (9th Cir. 2010) (internal quotation marks omitted).

Substantial evidence supports the Board's decision.  While Hernandez-Castaneda has expressed a subjective fear that members of the MS gang, or a rival gang, would kill him if he were returned to El Salvador, the record lacks objective evidence to support this fear.  Nor does the record indicate that his disabled status would render him a target for persecution.  At most, a State Department country report notes that persons with disabilities in El Salvador are sometimes not considered for work, and that laws prohibiting discrimination against the disabled are not enforced.  Because the record lacks evidence either that Hernandez-Castaneda would be singled out for persecution, or that there exists a systematic pattern of persecution against former (disabled) gang members, *see Wakkary v. Holder*, 558 F.3d 1049, 1060–61 (9th Cir. 2009), the Board did not err in concluding that he failed to demonstrate an objectively reasonable fear of future persecution.

By failing to satisfy the standard of proof for asylum, Hernandez-Castaneda cannot satisfy the more demanding standard for withholding of removal.  *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004).

Finally, we address Hernandez-Castaneda's claim for relief under the CAT.  "To qualify for CAT relief, a petitioner must establish that 'it is more likely than

not that he or she would be tortured if removed to the proposed country of removal.'" *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting 8 C.F.R. § 208.16(c)(2)). We review the Board's "findings underlying its determination that an applicant is not eligible for relief under the CAT . . . for substantial evidence." *Id*. The record lacks evidence that Hernandez-Castaneda is likely to be tortured by government forces if he is returned to El Salvador, or that the El Salvadoran government would acquiesce in torture perpetrated by gang members. Accordingly, we find that the Board did not err in denying Hernandez-Castaneda CAT relief.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] Hernandez-Castaneda did not clearly raise the issue of his competency or other claims in his opening brief, so we deem any additional arguments waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).